IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN E. DRISCOLL, III, et al. | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v | * | Civil Action No.  ELH-16-2555 |
| | * | |
| SANDRA S. FORQUER, | * | |
| BARBARA S. FORQUER, | * | |
| | * | |
| Defendants. | * | |

\*\*\*

## MEMORANDUM

On July 13, 2016, Sandra S. Forquer and Barbara S. Forquer (hereinafter the "Forquers") filed a notice of removal of case number 12-C-13001357 from the Circuit Court for Harford County, Maryland.  ECF 1.[1]  The underlying case is a closed foreclosure proceeding as to the Forquers' property.  The Forquers assert this court has federal question jurisdiction over the case. ECF 1 ¶9.[2]

### I. BACKGROUND

Plaintiffs filed a foreclosure action in the Circuit Court for Harford County on May 3, 2013, against residential property owned by Sandra Forquer in Bel Air, Maryland.  *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=12C13001357&loc=5& detailLoc=CC; *see also* ECF 62 ¶ 1(stating Sandra Forquer was served on May 12, 2013).  On or about September 19, 2013, the Circuit Court for Harford County approved the scheduling of a

---

[1] Only Sander S. Forquer signed the Notice of Removal.  ECF No. 1 at 3.  Sandra S. Forquer is the daughter of Barbara S. Forquer. *Forquer v. Driscoll,* 2016 WL 3002728; No. 0441, Sept. Term 2015 (Md. Ct. Sp. App. May 25, 2015).  Sandra Forquer transferred the property in issue to her mother in December 2009, but remained personally liable for the mortage deficiency.  *Id.* at *1.

[2] The Forquers assert that the case is "erroneously labeled a foreclosure" and is actually "a debt collection action . . . ." ECF 1 ¶ 5.

foreclosure sale as to the property in issue. ECF 5. Sandra Forquer subsequently moved to stay the foreclosure sale and to dismiss the foreclosure action. ECF 6; ECF 7. The circuit court denied that motion on November 6, 2013. ECF 10.

Sandra Forquer filed for bankruptcy on November 18, 2013 (ECF 14), and the bankruptcy stay was lifted in November 2014. *Forquer, et al v. John E. Driscoll, III, et al. Substitute Trustees*, 2016 WL 3002728, at *1, No. 0441, Sept. Term 2015 (Md. Ct. Sp. App. May 25, 2016). The property in issue was sold on January 21, 2015. *Id.* Thereafter, in July 2015, the circuit court entered a final order ratifying the sale, "bringing the foreclosure action to a close." *Id.*; *see also* ECF 46.

An appeal was noted from the circuit court's order ratifying the foreclosure sale. On appeal, Ms. Forquer argued that the circuit court erred in denying her motion to dismiss the foreclosure sale, and in failing to set aside the sale, based on fraud. 2016 WL 3002728. On May 25, 2016, the Maryland Court of Special Appeals affirmed the circuit court. *Id.* The mandate issued on June 24, 2016. ECF 57.

The Forquers now maintain, *inter alia*, that this court has federal question jurisdiction over this matter because the State case was a "debt collection action, erroneously labeled a foreclosure." ECF 1 ¶ 5. On July 18, 2016, they filed a counterclaim, alleging violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq*. *Id*. ¶11; *see also* ECF 60.

## II. DISCUSSION

Generally, a case must be removed within 30 days of the receipt of the initial pleading by the defendants. 28 U.S.C. § 1446(b). Here, removal occurred more than three years after the action was initiated in State court; about one year after the State case was closed; and about six weeks after the Maryland Court of Special Appeals issued its opinion, upholding the circuit

court. The Forquers assert, however, that they only "recently discovered that the illegal debt collection action, initiated by the Debt Collector/Plaintiffs, was outside the jurisdiction of the United States federal district, and in a foreign state tribunal." ECF 62 at 1 ¶3. At best, this statement is confusing and implausible. In any event, there is no pending action in State court for defendants to remove here, as shown by the factual background set forth above.

Moreover, the Forquers do not present grounds for federal jurisdiction. Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). "[B]efore a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006).

The "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010). Thus, "[i]f a plaintiff files suit in state court and the defendant seeks to adjudicate the matter in federal court through removal, it is the defendant who carries the burden of alleging in his notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter." *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008).

A civil action filed in a state court may be removed to federal court if it is one over which the district court has original jurisdiction. 28 U.S.C. § 1441(a). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the

United States," pursuant to 28 U.S.C. § 1331. When a case arises under this provision, it is removable without regard to the citizenship of the parties. *See* 28 U.S.C. §§ 1441(a)–(b). But, the "arising under" component is not met here.

Under 28 U.S.C. § 1332(a)(1), federal district courts also have subject matter jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." With exceptions not applicable here, diversity jurisdiction under § 1332 "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). The defendants do not assert diversity jurisdiction.

The burden of demonstrating jurisdiction and propriety of removal rests with the removing party. *Dixon v. Coburg Dairy, Inc.,* 369 F.3d 811, 815 (4th Cir. 2004). "Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09 (1941)). Indeed, a federal court "should construe removal statutes narrowly, [with] any doubts...resolved in favor of state court jurisdiction." *Barbour v. Int'l, Union,* 640 F.3d 599, 617 (4th Cir. 2011) (en banc) (abrogated in part on other grounds by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112–63, 125 Stat. 758 (Dec. 7, 2011)); *see also Cohn v. Charles*, 857 F.Supp.2d 544, 547 (D. Md. 2012) ("Doubts about the propriety of removal are to be resolved in favor of remanding the case to state court.").

"[A] claim of federal question jurisdiction is to be resolved on the basis of the allegations of the complaint itself." *Burgess v. Charlottesville Sav. and Loan Assoc.*, 477 F.2d 40, 43 (4th

4

Cir. 1973). Therefore, a complaint must contain allegations "'affirmatively and distinctly' establishing federal grounds[] 'not in mere form, but in substance' and 'not in mere assertion, but in essence and effect.'"[] *Id*. (citations omitted). "[T]he mere assertion in a pleading that the case is one involving the construction or application of the federal laws does not authorize the District Court to entertain the suit'. . . ." *Id.* (citations omitted).

The Forquers cannot convert a Maryland foreclosure proceeding into a federal question by citing to a federal statute or filing a belated counterclaim raising federal claims. Even if they had pleaded these alleged violations as affirmative defenses or counterclaims in the State action, they fail to give rise to federal question jurisdiction because "'the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed...It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim.'" *Herman v. Lincoln Nat'l Life Ins. Co*., 842 F. Supp. 2d 851, 853 (D. Md. 2012) (quoting *Metro Ford Truck Sales, Inc. v. Ford Motor* Co., 145 F.3d 320, 326– 27 (5th Cir. 1998) (citing 14 C. Wright & A. Miller, Federal Practice and Procedure § 3722, at 557)).

The *Rooker-Feldman* doctrine may also apply here. The doctrine derives from two Supreme Court cases: *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). It is a jurisdictional rule that prohibits a federal district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 284 (2005); *see also Elyazidi v. SunTrust Bank*, 780 F.3d 227, 233 (4th Cir. 2015). In other words, the *Rooker-Feldman* doctrine precludes "lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463

(2006). Thus, "the doctrine forbids claims that 'seek [ ] redress for an injury caused by the state-court decision itself' because they 'ask[ ] the federal district court to conduct an appellate review of the state-court decision.'" *Adkins v. Rumsfeld*, 464 F.3d 456, 464 (4th Cir. 2006) (quoting *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006)) (alterations in *Adkins*); *accord Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003). The doctrine derives from 28 U.S.C. § 1257, a federal statute that vests the United States Supreme Court with jurisdiction to hear appeals from state court decisions in cases raising questions of federal law. *See Adkins*, 464 F.3d at 463-64.

Ordinarily, a party to a state court proceeding is able to raise objections in the state proceeding on the basis of applicable federal law or federal constitutional provisions. "'Under our system of dual sovereignty, . . . state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States.'" *Bullock v. Napolitano*, 666 F.3d 281, 285 (4th Cir. 2012) (quoting *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 823 (1990)) (emphasis omitted). Moreover, Maryland law provides for appellate review, in Maryland State courts, of adverse decisions of a Maryland circuit court. *See* Md. Code (2013 Repl. Vol.), § 12-301 of the Courts & Judicial Proceedings Article. Indeed, Sandra Forquer exercised her right to appeal, and was unsuccessful in the Maryland Court of Special Appeals. Ms. Forquer had the right to seek a writ of certiorari to the Maryland Court of Appeals.

The *Rooker-Feldman* doctrine precludes a federal district court from directly reviewing the judgment of a state court. In *Stillwell*, 336 F.3d at 319, the Court said: "[T]he *Rooker-Feldman* doctrine . . . preserves the independence of state courts as well as congressional intent that an appeal from a state court decision must proceed through that state's system of appellate

review rather than inferior federal courts."[3] The removal here occurred within weeks of the decision rendered by the Maryland appellate court, which was adverse to the Forquers. Unhappy with that decision, it seems that the Forquers now ask this Court to review that ruling.

### III. Conclusion

In light of the above, I conclude that this Court lacks federal question jurisdiction in this matter. Nor do the Forquers assert diversity of citizenship as a basis for jurisdiction. ECF 1 ¶ 6; ECF 1-1. *See* 28 U.S.C. § 1332(a)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89, (2005) (citations omitted). Simply put, the Forquers do not meet their burden to demonstrate jurisdiction is proper in this court. In addition, the *Rooker-Feldman* doctrine may bar their pursuit of this case.

### CONCLUSION

For all these reasons, the matter shall be remanded to the Circuit Court for Harford County. A separate Order follows.

July 29, 2016                                            _____/s/_____
Date                                                     Ellen L. Hollander
                                                         United States District Judge

---

[3] *Exxon-Mobil, supra*, 544 U.S. 280, confirms that the *Rooker-Feldman* doctrine bars federal actions "complaining of injuries *caused by state-court judgments*" themselves. *Id.* at 284 (emphasis added). But, it does not apply to federal actions that are merely parallel to concurrent state court actions, and which complain of the same alleged injuries that occurred outside of the judicial process. "When there is parallel state and federal litigation, *Rooker-Feldman* is not triggered simply by the entry of judgment in state court." *Id.* at 292.